# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT ANDERS WIBHOLM,<br><br>Defendant. | No. 08-mj-399<br><br>**ORDER FOR PRETRIAL DETENTION** |

On the 1st day of December, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Stephanie Rose. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## RELEVANT FACTS

On November 21, 2008, Defendant Robert Anders Wibholm was charged by Criminal Complaint (docket number 2) with possession of firearms as a felon. At the Preliminary Hearing held contemporaneously with the instant Detention Hearing, the Court found probable cause to believe that Defendant committed the crime described in the Criminal Complaint. Accordingly, Defendant was bound over for further appropriate timely action by the Grand Jury.

Detective George Aboud of the Cedar Rapids Police Department testified regarding the circumstances underlying the instant charge. On November 19, 2008, a search was conducted at a residence, garage, and motor home owned by Defendant. A .22 caliber handgun and ammunition were found in the garage. A shotgun and a .40 caliber handgun were found in the motor home. Also found in the motor home were nine baggies of cocaine (weighing approximately 10.05 grams), six baggies of crack cocaine (weighing approximately 3.75 grams), and seven baggies of heroin (weighing approximately 4.3

grams). After being *Mirandized*, Defendant admitted in a videotaped interview that the guns and drugs were his.

In 1985, Defendant was convicted of voluntary manslaughter and two counts of willful injury. According to Detective Aboud, the convictions followed a determination that Defendant became angry at a two-year-old girl and threw her against a wall. Sperm was found in the victim's vagina. Defendant was released from prison on December 22, 1992.

According to the Pretrial Services Report, Defendant is 52 years old. Defendant has been married twice and has no children. Prior to his arrest, Defendant was living with his ex-wife. (Defendant married Mary Jean Leary in 1992 and they divorced in 2007.) If Defendant were released prior to trial, he could live with his sister, who lives across the street from where he was arrested. Defendant is self-employed managing rental properties.

Defendant denied any physical or mental health problems. Defendant admitted abusing prescription pain medication in 2005 and "underwent detox for that addiction at St. Luke's Hospital in Cedar Rapids, Iowa, in that same year." Defendant also received treatment for alcohol abuse at the Sedlacek Treatment Center in 1998. When he was interviewed following his arrest, Defendant admitted regularly using cocaine and heroin.

Detective Aboud testified that Defendant first came to his attention when he was contacted in November 2006 by investigators from the sheriff's office in Apache County, Arizona. Arizona authorities were investigating the murder of an 84-year-old man who was dating Defendant's mother. The victim disappeared from the Las Vegas area, and his body was later found in Arizona. A witness identified Defendant from a photo line-up as a person the witness saw digging a hole where the body was found. Defendant denied being in the area during that time period, but it was subsequently determined that he was stopped in Colorado at about that time, traveling west.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession of a firearm as a felon, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be

3

supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession of firearms as a felon, in violation of 18 U.S.C. § 922(g)(1). The weight of the evidence would appear to be substantial. Guns and ammunition were found in the garage and motor home owned by Defendant. Defendant admitted in a videotaped interview that the guns belong to him. It is apparently undisputed that Defendant is a convicted felon. Also found in the motor home were drugs which Defendant admitted belong to him. Defendant admitted that he regularly uses cocaine and heroin. Defendant was previously convicted of manslaughter and willful injury. Given Defendant's possession of guns, use of controlled substances, and prior history of violent offenses, there is a serious danger to the community that would be posed by Defendant's release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 24, 2008) to the filing of this Ruling (December 1, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 1st day of December, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA